# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| RELLA CHIARAPPA, on Behalf of Herself and All Others Similarly Situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| GOLI NUTRITION INC., a Delaware Corporation, | |
| Defendant. | |

Plaintiff, Rella Chiarappa ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendant Goli Nutrition Inc. ("Defendant" or "Goli"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1. Goli is a Delaware company, with its principal place of business in Hollywood, California, that markets its apple cider vinegar gummy products ("Product") as an alternative to traditional Apple Cider Vinegar ("ACV"). Goli manufactures, distributes, and sells the Products. Defendant Goli sells the Product

1

by deceiving the public about the Products' ingredients, potency, and the benefits of consumption.

2. Defendant claims on their website (http://goli.com) that ACV has many purported benefits such as: Supports Healthy Digestion; Helps Manage Weight; Helps Your Body Detoxify; Boosts Immunity; Enhances Energy; and Healthy Heart. Defendant further claims, on the Product's label and Defendant's website, that two Goli ACV Gummies are equal to one shot of ACV.

3. Defendant misled Plaintiff and Class Members into believing that two Gummy Products provide all of the benefits associated with one shot of ACV. These claims are false and misleading.

4. Plaintiff and members of the classes purchased the Product for their ingredients, potency, and effects, and paid a premium for Defendant's Product over comparable products that were not promoted with the misrepresentations at issue here.

5. Defendant's representations concerning the Product are unfair, unlawful, and fraudulent, and have the tendency or capacity to deceive or confuse reasonable consumers. As such, Defendant's practices violate Florida's Deceptive and Unfair Trade Practices Act, § 501.201, et seq. ("FDUPTA").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members;

and the Plaintiff is a citizen of a state different from at least one Defendant. Plaintiff alleges that the total claims of individual members of the proposed Classes (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of Florida and purposefully availed itself, and continues to avail itself, of the jurisdiction of Florida through the privilege of conducting its business ventures in the state of Florida, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district, and Plaintiff made her purchase of the Goli Product in this district and her purchased Product was delivered to, and used, in this district.

## THE PARTIES

9. Plaintiff, Rella Chiarappa, is a natural person and a citizen of Brevard County, Florida, residing in Titusville, Florida. Plaintiff purchased the Goli Product from a local retailer. Prior to her purchase, Plaintiff saw and reviewed Defendant's advertising claims on the Product packaging and labeling itself, and she made her purchase of the Goli Products in reliance thereon. Plaintiff specifically relied upon

representations made by Defendant. Plaintiff did not receive the promised benefits or receive the full value of her purchase.

10. Defendant, Goli Nutrition Inc., is a Delaware corporation with its principal place of business at Hollywood, California. Defendant is licensed to conduct business in Florida.

11. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

12. Defendant manufactures, distributes, advertises, and sells the Product, which for all relevant purposes are identical. At all relevant times, Defendant has marketed the Product in a consistent and uniform manner relating to ingredients, potency, and effect. Defendant sells the Product on its website and through various distributors.

13. Defendant claims that two of the Product's gummies is equal to one shot of ACV and provides the same benefits as traditional ACV. Defendant also admits on their website that the active ingredient contained within ACV is Acetic Acid by stating "Apple cider vinegar offers many benefits thanks to its high concentration of acetic acid." Acetic acid is a short-chain fatty acid that dissolves into acetate and hydrogen in the body and is the main active component of vinegar. The Product contains 500mg of ACV with 5% Acetic Acid per one gummy.

14. All of the misrepresentations at issue here were consistently made at all times during the last four years, at least. Defendant made uniform misrepresentations about the Product that Plaintiff and all class members were exposed to.

15. The words "2 gummies is equal to 1 shot of Apple Cider Vinegar" can be found at the bottom of the front label of the Product. The Product label states "Our Apple Cider Vinegar Gummies produce the same age-old benefits of traditional Apple Cider Vinegar without the unpleasant taste." Also, Defendant's website echoes this claim with "All of the Age Old Benefits of Traditional ACV."

16. Further, Defendant's website prominently features the 2 Gummies = 1 ACV Shot Claim. Defendant's website also includes direct comparisons to traditional ACV.

17. The misrepresentation identified above, when viewed in the context of the labeling as a whole and the product at issue, has the tendency or capacity to deceive or confuse reasonable consumers into believing that the two gummies of the Product contain the same amount of Acetic Acid as one shot of traditional ACV and therefore will provide the same benefits as traditional ACV.

18. The Apple Cider Vinegar Diet has been increasingly popular, which Defendant attempts to capitalize financially on, even though there is scarce scientific support for the claims.

19. Further, the studies which do show some positive effects use dosages of ACV at much higher levels contained in the Product.

20. The studies showed benefits of ACV using dosages of either half a shot of ACV or a full shot of ACV (15ml-30ml). Consistently the full shot shows greater responses than the half shot, which is consistent with the well-accepted scientific principle that dietary supplementation is dose dependent. Defendant cites its supportive studies on their website, associated with each efficacy claim stated above.

21. All of these studies use 15ml or 30ml of ACV or 750mg-1500mg of acetic acid. Two of Defendant's Gummies equal 1000mg of ACV. At the percentage of Acetic Acid content on the label of the Product, this equates to 50mg of Acetic Acid per two the Defendant's Gummies.

22. A full shot of ACV is equal to roughly 30ml. 1000mg is equal to 1ml. So, a full shot of ACV has roughly thirty times the amount of Acetic Acid as the two ACV Gummies, or 1500mg.

23. Further, Defendant intentionally misleads consumers by mischaracterizing their studies as containing lower amounts of ACV as being effective, but these studies actually gave participants isolated Acetic Acid. For instance, Defendant says, participants took 750mg to 1500mg of ACV when they actually were given 750-1500mg of Acetic Acid. This is far above the levels of Acetic Acid contained within two of the gummy Products.

24. Plaintiff and Class members would not have purchased the Product, or would have not paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Products.

## **CLASS ACTION ALLEGATIONS**

25. **Class Definition:** Plaintiff brings this class action on behalf of herself, and as a class action on behalf of the following putative classes (the "Class"):

**Nationwide Class:**

All individual residents of the United States who purchased the Goli Product through the date of class certification. Excluded from the Class are: (1) Defendant and all directors, officers, employees, partners, principals, shareholders, and agents of Defendant; (2) Any currently sitting United States District Court Judge or Justice, and the current spouse and all persons within the third-degree of consanguinity to such judge/justice; and (3) Class Counsel.

**Florida Sub-Class:**

All individual residents of the State of Florida who purchased the Product through the date of class certification. Excluded from the Class are: (1) Defendant and all directors, officers, employees, partners, principals, shareholders, and agents of Defendant; (2) Any currently sitting United States District Court Judge or Justice, and the current spouse and all other persons within the third-degree of consanguinity to such judge/justice; and (3) Class Counsel.

26. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

27. **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout the United States and California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendant's records, either manually or through computerized searches.

28. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

29. **Commonality:** The questions of law and fact common to the Class members, some of which are set out below, predominate over any questions affecting only individual Class members:

a. whether Defendant committed the conduct alleged herein;

b. whether Defendant's conduct constitutes the violations of laws alleged herein;

c. whether Defendant's labeling, sale and advertising set herein are unlawful, untrue, or are misleading, or reasonably likely to deceive;

d. whether the Product are adulterated and/or misbranded under the California Health & Safety Code and identical federal law;

e. whether Defendant knew or should have known that the representations were false or misleading;

f. whether Defendant knowingly concealed or misrepresented material facts for the purpose of inducing consumers into spending money on the Product;

g. whether Defendant's representations, concealments and non-disclosures concerning the Product are likely to deceive the consumer;

h. whether Defendant's representations, concealments and non-disclosures concerning the Product violate the UCL and/or the common law;

i. whether Defendant should be permanently enjoined from making the claims at issue; and

j. whether Plaintiff and the Class are entitled to restitution and damages.

30.     **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and

9

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    a.    given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

    b.    when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

    c.    this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

    d.    without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

    31.    **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendant has acted and refused to act on

grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

## COUNT I

## For Violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 et seq.

32. Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs above as if fully set forth herein.

33. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

34. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their business.

35. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that Defendant's Product was effective.

36. Plaintiff and Class members relied upon these advertisements in deciding to purchase the Product. Plaintiff's reliance was reasonable because of Defendant's reputation as a reliable company.

37. Had Plaintiff known that the Product was not as advertised, she would not have purchased it. As a result of Defendant's deceptive and unfair acts, Plaintiff and Class members have been damaged.

38. Defendant's conduct offends established public policy, and is immoral, unethical, oppressive, and unscrupulous to consumers.

39. Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

40. Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that its Product is not of the quality advertised.

## COUNT II

### For False and Misleading Advertising,

### Fla. Stat. § 817.41

41. Plaintiff re-alleges and incorporates by reference the allegations of in the above-referenced paragraphs 1-5 and 12-24 of the Complaint as if fully set forth herein.

42. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

43. On their website, in print advertisements, and in other forms of advertisements, Defendant made numerous misrepresentations of material fact regarding the quality of its Product.

44. Defendant knew that these statements were false.

45. Defendant intended for consumers to rely on its false statements for the purpose of selling its Product.

46. Plaintiff and Class members did in fact rely upon these statements. Reliance was reasonable and justified because of Defendant's reputation as a reliable company.

47. As a result of Defendant's misrepresentations, Plaintiff and Class members suffered damages in the amount paid for Defendant's Product

48. Plaintiff and Class members are entitled to damages and injunctive relief as set forth above.

## COUNT III

### Unjust Enrichment

49. Plaintiff re-alleges and incorporates by reference the allegations of in the above-referenced paragraphs 1-5 and 12-24 of the Complaint as if fully set forth herein.

50. Plaintiff brings this cause of action on behalf of herself and on behalf of the Class.

51. Plaintiff and Class members conferred a benefit on Defendant by purchasing the deceptively advertised Product at an inflated price.

52. Defendant received the moneys paid by Plaintiff and Class members and thus knew of the benefit conferred upon them.

53. Defendant accepted and retained the benefit in the amount of the profits they earned from Defendant's Product sales paid by Plaintiff and Class members.

54. Defendant has profited from their unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit.

55. Plaintiff does not have an adequate remedy at law against Defendant.

56. Plaintiff and Class members are entitled to restitution of the amount paid for the Product and disgorgement of the profits Defendant derived from its deceptively advertised Product sales.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a. Certify this action as a class action;

b. Award compensatory, statutory, and punitive damages as to all Counts where such relief is permitted by law;

c. Enjoin Defendant's conduct and order Defendant to engage in a corrective advertising and labeling/disclosure campaign;

d. Award equitable monetary relief, including restitution;

e. Award pre-judgment and post-judgment interest at the legal rate;

f. Award Plaintiff and Class members the costs of this action, including reasonable attorneys' fees, costs, and expenses; and

    g.    Award such other and further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: February 28, 2022

                                      s/William C. Wright
WILLIAM WRIGHT
The Wright Law Office
FL Bar No. 138861
515 N. Flagler Drive
Suite P-300
West Palm Beach, FL 33410
Telephone: (561) 514-0904
willwright@wrightlawoffice.com

DANIEL FAHERTY
Telfer, Faherty, & Anderson
FL Bar No. 379697
815 S. Washington Avenue
Suite 201
Titusville, FL 32780
Telephone: (321) 269-6833
Facsimile: (321) 383-9970
danfaherty@hotmail.com
CGuntner@ctrfa.com